Rick Klingbeil, OSB #933326
email: rick@klingbeil-law.com
RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fx: 503-427-9001

of Attorneys for Plaintiff
Additional attorneys listed on final page

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **JOHN MARTIN KEARNEY**; on behalf of himself and all others similarly situated,<br><br>       **Plaintiff**,<br><br>  v.<br><br><br>**EQUILON ENTERPRISES, LLC,** a Delaware corporation dba **SHELL OIL PRODUCTS US,** and **SHELL OIL COMPANY,** a foreign corporation,<br><br>       **Defendants**. | Case No.<br><br>**CLASS ACTION ALLEGATION COMPLAINT**<br><br>**(1) Breach of Contract**<br>**(2) State Unlawful Trade Practices**<br>**(3) Injunctive Relief**<br><br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff individually and on behalf of the Class and Subclass described below, through counsel alleges as follows:

## NATURE OF THE CASE

1.      This is a proposed class action. Plaintiff, on behalf of himself and all

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001email:
rick@klingbeil-law.com

similarly situated persons seek money damages and injunctive relief based on Defendants' acts and omissions. This includes claims for breach of contract for all class members, and relief for a state of Oregon subclass based on violations of state consumer protection acts.

2.      The claims relate to the seasonal "Ski Free" promotion offered or that have been offered at Shell-branded service stations throughout the states of Oregon, California, Washington, Colorado, and Michigan ("Class States").

3.      Concurrent with filing this Complaint for injunctive relief related to conduct within the state of Oregon, plaintiff provided the required notice to defendants pursuant to ORCP 32H. Plaintiff anticipates amending this action after 30 days to add a request for money damages for claims arising in Oregon as necessary.

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1367(a) and §1332, because: (a) Plaintiff is a resident of one of the Class States and Defendants are Delaware corporations with their principal place of business in Texas, and (b) the damage claims exceed $75,000 in the aggregate.

5.      This Court also has subject matter jurisdiction purusant to 28 U.S.C. §1332(d)(2), the "Class Action Fairness Act." On information and belief, there are at 200,000 Class members in the proposed Class, over 20,000 members in each proposed Subclass, the amount in controversy exceeds $5,000,000, and Plaintiff and substantially all members of the Class are citizens of different states than the Defenadants.

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001email:
rick@klingbeil-law.com

6.      This Court has personal jurisdiction over Defendants because both do business in the state of Oregon and this District and a substantial portion of the wrongdoing alleged in this complaint took place here. Defendants have intentionally availed themselves to markets and customers in the state of Oregon and this District through the presence of franchises, marketing and promotion, and sales of products and services.  Defendants have contacts with this state and District sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper within the state of Oregon and this District pursuant to 29 U.S.C. §1391.

## THE PARTIES

8.      Plaintiff / Class representative JOHN MARTIN KEARNEY ("KEARNEY") is an individual who resided in the state of Oregon and participated in the "Ski Free" promotion within Oregon during the applicable class period.

9.      Defendant Equilon Enterprises LLC is a Delaware limited liability company with its principal place of business in Texas, and doing business as Shell Oil Products US ("Equilon"). In connection therewith, Equilon owns and operates a number of company-owned Shell branded service stations within the Class States.

10.     Defendant Shell Oil Company is a Delaware limited liability company with its principal place of business in Texas, and doing business in each of the Class States ("Shell Oil"). In connection therewith, Shell Oil owns and operates a number of company-owned Shell branded service stations within each of the Class States.

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001email:
rick@klingbeil-law.com

11.     Defendants Shell Oil and Equilon franchise a number of Shell-branded service stations within each of the Class States.  As a requirement for each franchise, Shell Oil and Equilon require periodic submittal, review, and approval of each franchisee's marketing, promotional, and business plan. The required franchisee business plan must set forth, among other things, marketing activites and plans for each of the franchisee's Shell service station, including the "Ski Free" promotion at issue.  Franchisees cannot implement or maintain the Ski Free promotion absent approval by defendants.

### DEFENDANTS' CONDUCT

12.     At various times during the class period, Defendants, through a substantial number of franchised and owned Shell-branded service stations located in the Class States, conducted a "Ski Free" promotion. In the Ski Free promotion, defendants claimed that the purchaser of ten gallons of fuel would receive a voucher that entitled them to a "free" ski resort lift ticket ("Voucher").

13.     The "Ski Free" promotion was advertised to passing motorists in each Class State through use of a large banner visible from the roadways adjacent to the service station premises, stating: "BUY 10 GALLONS OF FUEL, GET A VOUCHER FOR A FREE LIFT TICKET", "SKI FREE", and/or various other indication that free products or services were being offered.  The signage was consistent with signage contained on the www.skifreedeals.com website. Typical signage contained the following text:

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001email:
rick@klingbeil-law.com



14.     Under the "Ski Free" promotion, after a motorist purchased and paid for ten or more gallons of fuel and requested a "VOUCHER FOR A FREE LIFT TICKET", or paperwork enabling them to "ski free", their fuel purchase receipt was stapled to a "Ski Free" Voucher, and both provided to them.  The Voucher provided indicated that it was not a coupon or voucher enabling the holder to obtain a "free lift ticket," but was instead was a "two for one" coupon or voucher that allowed the holder to obtain a lift ticket only by purchasing a second lift ticket at full price at a participating ski resort.

15.     The Voucher also indicated that it could be redeemed only on certain limited days and times, depending on the ski resort at issue, and contained other substantial and material conditions and limitations.

16.     For example, the Oregon 2012 Ski Free Voucher contained the following limitations that were typical of all Ski Free Vouchers at issue:

    a.     the "free" lift ticket was available only upon purchase of a second lift ticket at full price;

    b.     the "free" and purchased lift tickets must be redeemed and used the

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001email:
rick@klingbeil-law.com

same day;

c.      the holder of the Voucher and a second guest must both be present

        at the ticket window at time of redemption;

d.      neither the Voucher and lift ticket received in exchange for the

        Voucher could not be resold or transferred;

e.      the Voucher or Ski Free promotion could not be used for

        commercial purposes;

f .     by using the Voucher, the participant waived any claims, demands,

        actions or causes of action on account of any injury to them which

        may occur from any cause while participating in the promotional

        activity; and

d.      the Oregon Voucher was redeemable at the resorts below which

        imposed the following date and time restrictions:

| Resort | Restriction |
| --- | --- |
| Anthony Lakes | Fridays only |
| Hoodoo Ski Area | Thursday and Friday 9am-4pm only |
| Mt. Ashland | Thursday and Friday, 3pm-9pm only |
| Mt. Hood Meadows | Wednesday and Thursday, 3pm-9pm only |
| Mt. Hood Ski Bowl | Wednesday 3pm-10pm, Friday 9am-4pm only |
| Timberline Lodge | Tuesday-Thursday only. Blackout 3/24-3/31 |
| Willamette Pass Resort | Friday 12:30-9pm only.  Blackout 4/6, 4/13 |
| Mt. Shasta | Tuesday - day, Thursday 3pm-9pm. |

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001email:
rick@klingbeil-law.com

17.    Terms, conditions, and limitations on Vouchers from other Class States contained substantially similar limitations, and imposed date and time restrictions at the participating resorts listed on those Vouchers.

18.    Defendants provided directions for how the "Ski Free" promotion was implemented through its "How to Ski Free" document, posted at various times at participating Shell stations and on the internet sites related to the promotion:



19.    Under the process required by Defendants and set forth above, to participate in the "Ski Free" promotion, a person was required to first obtain and pay for 10 gallons of fuel at the participating Shell station. After consummating that transaction, they were they provided a Voucher containing the restrictive terms, conditions, and limitations of the Ski Free offer.

20.    During the 2012 ski season over 70,000 Vouchers were redeemed at

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001email:
rick@klingbeil-law.com

participating ski resorts.  On information and belief, substantially more than 70,000

Vouchers were obtained by class members during each year within the class period.

## INDIVIDUAL ALLEGATIONS

21.    Plaintiff / Class Representative Kearney is an Oregon resident, who within

the class period purchased ten or more gallons of fuel at the Shell stations located

within the state of Oregon with the intention of participating in the "Ski Free" promotion.

Upon completion of the fuel purchase, Kearney requested a "Ski Free" Voucher.

Instead, he was presented a Voucher that provided for a "buy one, get one free" offer.

To obtain his "free" lift ticket, Kearney was required to pay the full purchase price for a

second lift ticket at a participating ski resort. Further, his choice of dates and times

available to redeem the Voucher was substantially limited by each of the participating

ski resorts, and the transaction was subject to other terms, conditions, and limitations

set forth on the Voucher, but not presented before he accepted the offer.  Kearney was

also required to secure the presence of another skier in order to successfully obtain his

"free" lift ticket, even if he desired to ski alone.

22.    At the time and place Kearney purchased the fuel and received his

Voucher from the Oregon Shell station, there was no clear and conspicuous indication

of: (1) the terms, conditions, and limitations of the offer; (2) that the Voucher was not

redeemable for a "free" lift ticket, but was instead a voucher that provided for a "two for

one" offer; (3) that the Voucher required expenditure of additional funds in order to

obtain the "free" lift ticket; (4) the amount of cost, fees, or charges necessary to redeem

or accept the "free" lift ticket offer; (5) that the Voucher could only be redeemed during

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001email:
rick@klingbeil-law.com

certain days and times at the participating ski resorts; (6) he could not make use of the "free" lift ticket offer by himself, but required the presence of a second person; and (7) other restrictive terms, conditions, and limitations associated with the Voucher.

## CLASS ALLEGATIONS

23.    Plaintiff brings this action for himself, and on behalf all similarly situated persons who participated in the Ski Free promotion in such Class States as the Court may determine appropriate for class certification treatment pursuant to Federal Rules of Civil Procedure 23(a) and 23(b).

24.    The Class and Subclasses of persons that Plaintiff seeks to represent are initially defined as:

      (a)    The "Nationwide Class" defined as:

           all persons who, at any time during the applicable class period purchased ten or more gallons of fuel at a Shell station that offered the "Ski Free" promotion within any Class State, and then requested and/or obtained a "Ski Free" Voucher ("all person who participated in the Ski Free promotion");

      (b)    Each "State Subclass" defined as:

           all persons who, at any time during the applicable Subclass period, participated in the Ski Free promotion at a Shell station within a specific Class State.

25.    Excluded from the Class and each State Subclass is: (a) any Defendant,

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001email:
rick@klingbeil-law.com

person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant, and any current employee of any Defendant; (b) all persons who make a timely election to be excluded from the proposed Class; (c) the judge(s) to whom this case is assigned and any immediate family members thereof; and (d) the legal representatives, heirs, successors-in-interest or assigns of any excluded party.

26.    Plaintiff's claims are appropriate for for class-wide certification and treatment because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

27.    Numerosity Under Rule 23(a)(1). Members of the National Class and each State Subclass are so numerous that joinder of all members individually, in one action or otherwise, is impractical. On information and belief, the National Class consists of substantially more than 200,000 members, and each State Subclass likely exceeds 20,000 members.

28.    Commonality and Predominance under Rule 23(a)(2) and (b)(3). Common questions of law and fact are shared by Plaintiffs and members of the National Class and State Subclasses which predominate over any individual issues.

29.    For the **National Class**, common issues of law include:

a.    Which of the various Shell corporations or holding corporations are the proper Defendants in this matter?;

b.    Was a contract was formed between Defendants and the Class

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001email:
rick@klingbeil-law.com

Members?;

c.    If a contract was formed, what were its terms?;

d.    If a contract was formed, did Defendants breach any of its terms?;

e.    What is the appropriate measure of damages for Defendants' breach?;

f.    Is specific performance a proper remedy for Defendants' breach?;

g.    Is the National Class entitled to an injunction or other equitable relief?

30.    For the **State of Oregon Subclass** ("Oregon Subclass**)**, common questions of law and fact include each of the above common questions of law and fact applicable to the National Class, and in addition:

a.    Did Defendants make the required disclosures of terms and limitations of the Ski Free promotion in a "clear and conspicuous" manner as required under ORS §646.644?;

b.    Did Defendants properly disclose the costs, fees, or charges necessary to redeem the "Ski Free" offer are required by ORS §646.644?;

c.    Was the banner advertising the Ski Free program at participating stations, stating: "BUY 10 GALLONS OF FUEL, GET A VOUCHER FOR A FREE LIFT TICKET!" a false or misleading statement about a prize, contest, or promotion used to publicize a product, business, or service as proscribed by ORS §646.608?;

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001 email:
rick@klingbeil-law.com

d.     Were other written and/or posted representations made by Defendants at service stations in connection with the "Ski Free" promotion false or misleading statements about a prize, contest, or promotion used to publicize a product, business, or service as proscribed by ORS §646.608?;

e.     Was Defendants' conduct proscribed by OAR 137-020-0015(2)(c), which prevents misleading or inappropriate use of "free" offers?;

f.     Did Defendants violate ORS §646.608(e) by representing that goods or services had characteristics, uses, or benefits that they did not have?;

g.     Was Defendants' reference to its promotion as "Ski Free" a false or misleading statement about a prize, contest, or promotion used to publicize a product, business, or service as proscribed by ORS §646.608?;

h.     When did Plaintiffs / Class representatives discover Defendants' violations of ORS §646.608 for the purposes of ORS §646.638(6)?;

i.     What damages are recoverable under ORS Chapter 646 based on the allegations in this case?;

j.     Should the court grant equitable relief under ORS §646.638(8)(c)?;

k.     What types of equitable relief is appropriate?

l.     Was notice to Defendants required under ORCP 32H, and if so, was proper notice provided by the representative(s) of the Oregon

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001 email:
rick@klingbeil-law.com

Subclass?

31.   Plaintiff's claims are typical of the claims of the members of the National Class. Plaintiff's claims arise from the same type events, practices, and course of conduct by each Defendant -- the Shell "Ski Free" promotion.  The legal theories asserted by Plaintiff are the same as the legal theories that will be asserted on behalf of the National Class -- money damages claims for breach of contract and claims for injunctive relief.

32.   Plaintiff's claims are typical of the claims of the members of the Oregon Subclass.  Plaintiff's claims arise from the same type events, practices, and course of conduct by each Defendant -- the Shell "Ski Free" promotion.  The legal theories asserted by Plaintiff are the same as the legal theories asserted by the members of the Oregon Subclass.

33.   Plaintiff is willing and prepared to serve the Court and proposed Oregon Subclass in a representative capacity with all of the required material obligations and duties. Plaintiff will fairly and adequately protect the interests of the National Class and the Oregon Subclass, and has no interests adverse to or which directly or irrevocably conflict with the other members of the National Class or the Subclass.

34.   The self-interests of Plaintiff are co-extensive with, and not antagonistic to those of the absent National Class and Oregon Subclass members. The proposed representative will represent and protect the the interests of the absent class and subclass members.

35.   Plaintiff has engaged the services of the following counsel and law firms:

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001email:
rick@klingbeil-law.com

Rick Klingbeil, PC; Brooks Cooper, attorney at law; and Brady Mertz, PC.  Counsel are experienced in litigation, complex litigation, and class action cases, and will protect the rights of and otherwise effectively represent the named class representatives and absent National Class and Oregon Subclass members. Plaintiff has also retained the law firm of Foley, Bezek, Behle & Curtis, LLP who are expected to apply for permission to appear *pro hac vice* in this District before this court and as co-counsel in this matter.

36.   A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The operative facts relating to Plaintiff and  National Class and Oregon Subclass members are the same, the damages suffered by individual Class and Subclass members are relatively small, the expense and burden of individual litigation makes it inefficient and ineffective for members of the Class and Subclass to individually redress the wrongs done to them, and proceeding as a class action will resolve hundreds of thousands of claims in a manner that is fair to Defendants and Class Members. There will be no difficulty in the management of this case as a class action.

37.   Class members may be notified of the pendency of this action by several means, including posted notice at Shell service stations and participating ski resorts, on promotional websites and social media related to the Ski Free promotion, directly based on charge and banking card records used in the transactions, and if deemed necessary or appropriate by the Court, through published notice.  Further, upon information and belief, participating Shell service stations recorded identifying details

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001email:
rick@klingbeil-law.com

from credit card purchase transactions concurrent with stamping the Class Members' purchase receipts and Vouchers, which provides a direct method of notifying a substantial percentage of Class and Subclass members.

38.    The prosecution of separate actions by individual Class and Subclass members would create a risk of inconsistent or varying adjudications with respect to individual members, which would establish incompatible standards of conduct for Defendants. Defendants have acted on grounds that apply generally to the Class and Subclass making equitable relief appropriate to the Class as a whole.

### NATIONAL CLASS

### CLAIM FOR RELIEF

### (Breach of Contract)

39.    On behalf of himself and the members of the National Class, Plaintiff realleges paragraphs 1 through 38, and further alleges:

40.    Defendants' promotional Ski Free banner posted at each participating Shell-branded station was an offer.

41.    The terms of Defendants' offer was that if Plaintiff or a Class Member purchased ten gallons of fuel at the Shell station displaying the Ski Free banner, Defendants would provide them with a Voucher that could be exchanged for a free lift ticket at a participating ski resort.

42.    Plaintiffs and Class Members accepted Defendants' offer when they purchased ten or more gallons of fuel, and requested a Voucher for a free lift ticket.

43.    Defendants breached the terms of the contract because they failed to

Page 15    CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001 email:
rick@klingbeil-law.com

provide a Voucher that could be directly exchanged for a "free" lift ticket at a participating resort or otherwise, but instead provided a "two for one" voucher that required purchase of a second lift ticket in order to receive a "free" lift ticket.

44.    Plaintiffs and Class Members are entitled to their damages incurred as a result of Defendants' breach.

## OREGON SUBCLASS

## FIRST CLAIM FOR RELIEF

### (ORS §646.644 - Free Offer)

45.    On behalf of himself and the Oregon Subclass, Plaintiff realleges paragraphs 1 through 44, and further alleges:

46.    Defendants' conduct violated ORS §646.644.

47.    Plaintiff and Oregon Subclass Members are entitled to injunctive relief pursuant to ORS §646.638(8)(c).

## OREGON SUBCLASS

## SECOND CLAIM FOR RELIEF

### (ORS §646.608 - Unlawful Trade Practices)

48.    On behalf of himself and the Oregon Subclass, Plaintiff realleges paragraphs 1 through 47, and further alleges:

49.    Defendants' conduct violated ORS §646.608(e).

50.    Defendants' conduct violated ORS §646.608(o).

51.    Defendants' conduct violated ORS §646.608(p).

52.    Plaintiff and Oregon Subclass Members are entitled to injunctive relief

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001email:
rick@klingbeil-law.com

pursuant to ORS §646.638(8)(c).

OREGON SUBCLASS

THIRD CLAIM FOR RELIEF

(OAR 137-020-0015 - Unlawful Trade Practices)

53.     On behalf of himself and the Oregon Subclass, Plaintiff realleges

paragraphs 1 through 52, and further alleges:

54.     Defendants' conduct violated Oregon Administrative Rule 137-020-0015.

55.     Plaintiff and Oregon Subclass Members are entitled to injunctive relief

pursuant to ORS §646.638(8)(c).

REQUEST FOR RELIEF

Plaintiff seeks the following for himself, the National Class, and Oregon Subclass

members:

__Case Management__

A.     Certifying this action as a class action as set forth above, or as a class

action or issue class as otherwise deemed appropriate by the Court pursuant to a

Motion to Certify Class Action to be filed by Plaintiff in this case;

B.     Appointing Plaintiff as National Class and Oregon Subclass

representative;

C.     Approving counsel listed herein as class counsel and approving, upon

their admission *pro hac vice* in this matter, the law firm of Foley, Bezek, Behle & Curtis,

LLP as additional counsel for the National Class and Oregon Subclass.

D.     Setting a trial by jury for all issues so triable.

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001email:
rick@klingbeil-law.com

**Injunctive / Equitable Relief**

**(National Class - All claims)**

E.      For a temporary and permanent injunction enjoining Defendants from engaging in any further misconduct at issue in this action within any Class State. Specifically, Defendants should be enjoined from:

      a.      representing its promotion as a "Free" offer when the recipient is required to pay money, in addition to the cost of the fuel purchased, to another person or entity in order to redeem the "free" offer.

      b.      representing that its "Ski Free" promotion provides a "Free Lift Ticket" (or other similar claims of a "free" ticket) in exchange for the purchase of fuel;

      c.      misleading consumers by failing to indicate that the offer is for a Voucher that entitles the holder to a "Buy One Get One Free" lift ticket purchase;

      d.      failing to provide clear and conspicuous information or disclosure of all the terms, limitations, conditions, and costs of the offer before the consumer purchases or commits to purchase the quantity of fuel necessary to implicate the "Ski Free" offer, including:

            i.      the limitations related to the dates and times the offer and Voucher can be redeemed at the applicable ski resorts;

            ii.      that the offer and Voucher requires both lift tickets be purchased and used the same day;

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001 email:
rick@klingbeil-law.com

    iii.    that the Voucher cannot be sold to a third party by the holder;

    iv.    where applicable, that the lift tickets obtained with the Voucher cannot be sold or transferred to a third party after purchase;

    v.    the cost of the lift ticket that must be purchased to redeem the Voucher at each of the applicable ski resorts;

    vi.    that the Voucher must be used in the same ski season it was obtained;

    vii.    that the Voucher cannot be combined with any other offer or discount;

    viii.    any other terms or conditions of limitation relevant to the redemption or use of the Ski Free promotion or Voucher.

F.    For reimbursement of the reasonable costs, disbursements, and litigation expenses incurred by Plaintiffs and the Class necessary to obtain injunctive relief.

### Injunctive / Equitable Relief

### (Oregon Subclass - All Claims)

G.    For a temporary and permanent injunction enjoining Defendants from engaging in any further misconduct at issue in this action within the state of Oregon.  Specifically, Defendants should be enjoined from further violations of: ORS §646.644; ORS §646.608(e); ORS §646.608(o); ORS

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001 email:
rick@klingbeil-law.com

§646.608(p); OAR 137-020-0015.

## Monetary Damages

## (National Class - excluding plaintiff and

## members of Oregon Subclass)

**H.**     Monetary damages incurred by Members of the National Class as a result

of Defendants' breach of contract, excluding Plaintiff and members of the

Oregon subclass until the end of the 30-day notice period required under

ORCP 32H, as necessary.

**Dated:**  February 14, 2014.

Rick Klingbeil, PC

_____

Rick Klingbeil, OSB #933326
Of Attorneys for Plaintiffs
2300 SW First Ave., Ste. 101
Portland, Oregon  97201
P: 503-473-8565
rick@klingbeil-law.com

Additional Attorneys:

Brooks F. Cooper, OSB #941772

Brady Mertz, OSB #970814

Foley Bezek Behle & Curtis, LLP
(Pro hac vice applications to be submitted)

RICK KLINGBEIL, PC
2300 SW First Ave., #101
Portland, OR 97201
Ph: 503-473-8565
Fax: 503-427-9001email:
rick@klingbeil-law.com