IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN MARTIN KEARNEY, an Oregon resident; ROBIN A. BECK, a Colorado resident; CARLY LaFOREST, a Michigan resident; SHANE ALLPORT, a Michigan resident; ALYSIA ROWE, a Michigan resident; RICHARD SCHEMPP, a California resident; and JEFFREY PAUL GILPIN, JR., a Washington resident; each on behalf of themselves and all similarly situated persons,

     Plaintiffs,

  v.

EQUILON ENTERPRISES, LLC, a Delaware corporation dba SHELL OIL PRODUCTS US,

     Defendant.

No. 3:14-cv-00254-HZ

OPINION & ORDER

Rick Klingbeil
RICK KLINGBEIL, PC
2222 NE Oregon Street, Suite 213
Portland, Oregon 97201

 Attorney for Plaintiff

1 - OPINION & ORDER

Brad S. Daniels
STOEL RIVES LLP
900 S.W. Fifth Avenue, Suite 2600
Portland, Oregon 97204

David Harris
Abby L. Risner
GREENSFELDER, HEMKER & GALE
10 S. Broadway
St. Louis, Missouri 63102

   Attorneys for Defendant

HERNANDEZ, District Judge:

   Plaintiffs bring a proposed class action with a nationwide breach of contract claim, and similar subclass claims based on state unlawful trade practice statutes, against Defendant Equilon Enterprises. All claims arise out of an advertisement allegedly displayed by Defendant at Shell-brand service stations and which promoted a "Ski Free" voucher for a free lift ticket upon purchase of ten gallons of fuel. Plaintiffs move to dismiss one subclass claim and that claim's subclass representative, and another subclass representative. Plaintiffs also move to amend to add a new California subclass claim and to add damages requests to the California subclass claims. I grant the motion to dismiss but I deny in part and grant in part the motion for leave to amend.

BACKGROUND

I.  Procedural Posture

   The case was originally filed on February 14, 2014. At that time, the Court issued an initial Discovery and Pretrial Scheduling Order requiring that the parties file all pleadings under Federal Rule of Civil Procedure 15 within 120 days. Defendant received two extensions of time

2 - OPINION & ORDER

to respond to the Complaint and Plaintiff[1] successfully sought an order extending the deadlines for the completion of discovery, the filing of the joint alternative dispute resolution report, and the filing of dispositive motions. On June 30, 2014, Plaintiff filed a First Amended Complaint, adding new plaintiffs and subclasses for additional states. Defendant moved against the First Amended Complaint and on December 1, 2014, I granted that motion in part and denied it in part. I ordered Plaintiffs to submit a Second Amended Complaint, which they did on January 5, 2015.

On April 13, 2015, I conducted a scheduling conference with the parties and adopted a case schedule, mostly following the parties' proposed dates. As a result, various deadlines related to disclosing class certification experts, filing and briefing the class certification motion, closing of non-expert discovery, disclosure of experts, filing of dispositive motions, closing of expert discovery, and trial, were set. See ECF 52. The parties did not request, and I did not set, any deadline for further amendment of pleadings.

The deadline to disclose class certification experts, originally November 6, 2015, was extended at counsels' request, to November 30, 3015 for Plaintiffs and December 17, 2015 for Defendant. ECF 60.[2] On November 8, 2015, Plaintiffs filed the instant motion. At that time, the motion for class certification was due December 4, 2015, pursuant to the April 13, 2015 Order setting the case schedule. On November 23, 2015, the parties jointly requested an extension of time for both the pending motion to dismiss/amend and the motion for class certification. I granted the motion, and allowed Plaintiffs until December 18, 2015 to file the class certification

---

[1] Kearney was the only named Plaintiff at that point.

[2] Defendant's deadline was extended again, to December 31, 2015. ECF 63.

motion. ECF 63. I adjusted the briefing accordingly, and moved the oral argument date. I also granted the request to slightly extend the briefing schedule on the motion to dismiss/amend. Given the new deadlines for that motion, the last brief was not due until December 18, 2015, the day the class certification motion was due. Briefing on the class certification motion is underway, with oral argument scheduled for February 29, 2016.

II. Claims

The original Complaint in the case sought a nationwide class on the breach of contract claim and a subclass for Oregon statutory unfair trade practices claims. The First Amended Complaint added subclasses for Michigan, Colorado, Washington, and California, and added individual Plaintiffs as class representatives for each of those subclasses. In my December 1, 2015 Opinion, I granted Defendant's motion to dismiss all of the state law claims for failing to plead them with the specificity required by Federal Rule of Civil Procedure 9(b). After Plaintiffs filed a Second Amended Complaint in January 2015, Defendant filed an Answer to the Second Amended Complaint. Thus, the five state subclass claims have been in the case since June 2014, but were amended in early January 2015 to provide more detailed allegations in support of those claims.

DISCUSSION

I. Motion to Dismiss

Plaintiffs move to dismiss the Colorado subclass claim, Robin Beck as Plaintiff and as representative of the Colorado subclass, and Shane Allport as Plaintiff and as one of the representatives of the Michigan subclass. Defendant does not oppose dismissal, but argues that dismissal should be with prejudice. Plaintiffs seek dismissal without prejudice.

4 - OPINION & ORDER

Defendant argues that dismissal with prejudice is appropriate because it is clear from Plaintiffs' representations that there are fundamental legal or factual impediments to proceeding with the Colorado claim. Defendant notes that on the eve of class certification briefing, Plaintiffs have determined they will not pursue those claims. This, according to Defendant, shows that dismissal with prejudice will not harm Plaintiffs. Conversely, Defendant argues, allowing dismissal without prejudice will harm Defendant because it leaves open the possibility that at any time, Plaintiffs could seek to re-file the claims. As to Allport, Defendant contends that dismissal without prejudice creates the same risk of his reappearing in the case at a later point.

I dismiss the Colorado subclass claims, Beck, and Allport without prejudice. It is highly unlikely that the Colorado claims will be reasserted or that these two Plaintiffs will reappear in this litigation.[3] Any chance of harm to Defendant by dismissing without prejudice is negligible. Given that discovery has not actually closed yet, Plaintiffs could suffer harm if I dismissed the Colorado subclass claim with prejudice because they would be precluded even from asserting that claim in a separate, newly-filed action.

II. Motion to Amend

A. Standard

Under Federal Rule of Civil Procedure 16(b), a party seeking to amend a pretrial order must establish good cause for doing so. Fed. R. Civ. P. 16(b)(4). While motions to amend are typically governed by Rule 15, when a pretrial scheduling order establishes a deadline for amendments to pleadings and that deadline expires before the motion to amend, the issue should

---

[3] Given my rulings herein, it should be clear that the time for amendment has already passed and thus, the likelihood of re-raising the claims and re-asserting parties in this case is minimal.

5 - OPINION & ORDER

be resolved under Rule 16 instead of Rule 15. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000); Chao v. Westside Drywall, Inc., 709 F. Supp. 2d 1037, 1072 (D. Or. 2010).

Plaintiffs suggest that there was no deadline for amendment of pleadings and thus, Rule 15 governs the analysis of the motion. However, as the procedural posture recitation above indicates, the initial Scheduling Order set the amendment date for 120 days following the February 14, 2014 filing date. That date was never extended. Plaintiff's previously-filed, and granted, motion to extend the Scheduling Order, issued before Plaintiff filed his First Amended Complaint, included no extension of the deadline to amend pleadings. The parties' proposed scheduling order submitted in advance of the April 13, 2015 scheduling conference, and which I adopted for the most part, failed to include an extension of the date to amend pleadings.

Plaintiff's First Amended Complaint was filed as a matter of right under Rule 15(a) and its Second Amended Complaint was filed at the Court's direction following the December 1, 2014 Opinion on Defendant's motion to dismiss. Thus, while amendments have occurred, they have not required consideration of the standards under Rule 15 or 16 and therefore do not imply that there was no deadline to amend. Accordingly, Plaintiffs must establish good cause to modify the scheduling order. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992).

B. Oregon Subclass Claims

The Second Amended Complaint contains three claims for the Oregon subclass: (1) a claim under Oregon Revised Statute § (O.R.S.) 646.644; (2) a claim under O.R.S. 646.608 alleging unlawful trade practices under O.R.S. 646.608(e), 646.608(o), and 646.608(p); and a

claim under Or. Admin. R. (O.A.R.) 137-020-0015 regarding unlawful trade practices. Sec. Am. Compl. at ¶¶ 65-81. Plaintiffs propose to amend the second Oregon subclass claim alleging violations of O.R.S. 646.608 to include a violation of O.R.S. "646.608(u), through violation of OAR 137-020-0010 *et seq.*" Prop. Third Am. Compl. at ¶ 71; Prop. Fourth Am. Compl. at ¶ 71.[4]

Defendant does not appear to oppose this amendment. And while Plaintiff offers no "good cause" argument regarding this change, it is more aptly described as a clarification rather than a substantive amendment. I grant the motion to amend the Oregon subclass claims as proposed.

C. California Subclass Claims

In the Second Amended Complaint, there are three California subclass claims: (1) a claim under California's Consumer Legal Remedies Act (CLRA), alleging violations of California Civil Code §§ 1770(a)(5), 1770(a)(7), 1770(a)(14), and 1770(a)(17); (2) a claim alleging violations of California's Business and Professional Code §§ 17200, 17500, 17508, and 17509; and (3) a claim alleging violations of California's Business and Professional Code § 17537.11(a), (b). Sec. Am. Compl. at ¶¶ 92-100. In each of those claims, Plaintiffs seek only injunctive relief in the form of an order enjoining Defendant from further statutory violations. Id. at ¶¶ 94, 97, 100.

---

[4] Plaintiffs' Motion to Amend includes two proposed amended complaints. While the reasons are not entirely clear, I understand the attachment of two proposed pleadings to be the result of the California statute requiring notification to Defendant of a damages claim before such a claim may be asserted. Cal. Civ. Code § 1782. Thus, the Proposed Third Amended Complaint includes some of Plaintiffs' proposed amendments but does not include any amendments related to damages. The Proposed Fourth Amended Complaint includes all the proposed amendments. The Proposed Third Amended Complaint is Exhibit A to the Motion to Amend and the Proposed Fourth Amended Complaint is Exhibit B to that motion.

In the Proposed Third Amended Complaint, and in the Proposed Fourth Amended Complaint, Plaintiffs add a fourth claim to the California subclass claims, under California Business and Professional Code §§ 17530, 17537.1, 17537.2. Prop. Third Am. Compl. at ¶¶ 95-99; Prop. Fourth Am. Comp. at ¶¶ 99-103. However, in the Proposed Third Amended Complaint, Plaintiffs seek only the same injunctive relief as sought in the previously-asserted California subclass claims. Prop. Third Am. Compl. at ¶ 99. In the proposed Fourth Amended Complaint, Plaintiffs add a request for treble actual damages in conjunction with the newly proposed California Business and Professional Code claim. Prop. Fourth Am. Compl. at ¶ 105. Plaintiffs also add a request for damages to the previously-pleaded CLRA claim. Id. at ¶ 88. Defendant opposes the additional damages claims. I agree with Defendant that Plaintiffs fail to show good cause for seeking to amend the Second Amended Complaint to add these damages claims.

The CLRA claim has been in the case since June 2014. Plaintiffs waited approximately seventeen months before seeking to add a damages request to that claim. Plaintiffs state that they waited until additional discovery had occurred so they could determine whether there was a sufficient basis for a monetary damage claim. But, Plaintiffs requested damages in the national breach of contract claim and in the proposed Oregon, Colorado, Michigan, and Washington sub-class claims, without any "additional discovery." Plaintiffs fail to identify the previously unknown information they obtained in discovery which apparently allowed them, for the first time, to assert a damages claim under the CLRA. Given the previously asserted claims for damages and the vague reference to "additional discovery," I find Plaintiffs' representations not credible.

8 - OPINION & ORDER

Additionally, while Plaintiffs state that they also sought additional research and discovery geared toward determining Defendant's "principal place of business" within California, they offer no support for why obtaining that information took seventeen months from the filing of the First Amended Complaint or ten months from the filing of the Second Amended Complaint. The Second Amended Complaint contains allegations regarding the specific California locations where the named class representative Richard Schempp purchased fuel and requested a Ski Free voucher. Sec. Am. Compl. at ¶ 13. The CLRA damages notice requirement provides that notice must be in writing, sent by certified or registered mail, "to the place where the transaction occurred or to the person's principal place of business within California." Cal. Civ. Code § 1782(a)(2). Even without knowing Defendant's principal place of business in California, Plaintiffs possessed the information about the place "where the transaction occurred" as of January 2015 and could have sent the required notice there.

Furthermore, Defendant is prejudiced by the late amendment. While discovery is ongoing in the case, Defendant has deposed Schempp and tailored its questioning with an understanding that monetary damages were not being sought under the California claims. As noted above, the briefing on the class certification motion is underway and thus, any amendment at this stage would preclude Defendant from arguing that the class representative does not meet the requirements under Federal Rule of Civil Procedure 23 based on any facts regarding damages. Coleman, 232 F.3d at 1295 (prejudice to opposing party, "although not required under Rule 16(b), supplies an additional reason for denying the motion"). Alternatively, to suspend the briefing on the class certification motion to allow Defendant to re-depose Schempp on the damages issues and then resume the motion briefing after Defendant assesses its arguments in

this regard would delay the class certification motion briefing to such an extent that the dispositive motion and trial dates would have to be re-set. Given that the case is almost two years old, this delay is untenable.

Finally, I deny the motion to amend to add the proposed new claim under California Business and Professional Code §§ 17530, 17537.1, 17537.2, in which Plaintiffs seek injunctive relief but not damages. Prop. Third Am. Compl. at ¶¶ 95-99. Plaintiffs argue that adding this claim will not prejudice Defendant because it is "early in the case" and because the allegations and legal theories are highly similar to and arise out of the same fact scenarios as those at issue in the CLRA claim. Pls.' Mot. at 7-8. A request to amend in a case almost two years old with an operative Complaint pending for almost one year, is not properly described as coming "early in the case." Plaintiffs offer no basis for why they failed to assert this claim sooner. The only argument made, noted above, is directed to the newly proposed damages request under the CLRA claim, not to the new substantive claim under this statute. If this claim is similar to the other claims, there appears no basis for its belated introduction to the case. Additionally, my review of the proposed new claim shows that these statutes are all directed to real estate. Cal. Bus. & Prof. Code §§ 17530, 17537.1, 17537.2. While a creative lawyer may be able to make an argument that the facts here support such a claim, I am dubious the argument would be successful. As a result, given the unexplained delay in proposing the addition of this claim and that it is not readily apparent that these statutes apply to the transactions at issue in this case, I deny the motion to amend to add this claim, even without the request for damages.

CONCLUSION

Plaintiffs' motion to dismiss and to amend [61] is granted in part and denied in part as

follows: (1) the motion to dismiss the Colorado subclass claim, Beck as a Plaintiff and as the Colorado subclass representative, and Allport as a Plaintiff and as one of the Michigan subclass representatives is granted, and that claim and those Plaintiffs are dismissed without prejudice; (2) the motion to amend is granted as to the proposed clarification of the Oregon subclass claims; (3) the motion to amend is otherwise denied. Plaintiffs shall submit a Third Amended Complaint in conformance with this Opinion, within ten days of the date of this Opinion & Order.

IT IS SO ORDERED.

Dated this 4th day of January, 2016

Marco A. Hernandez
United States District Judge

11 - OPINION & ORDER