Rick Klingbeil, OSB #933326
email: rick@klingbeil-law.com
RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97201
Telephone: (503) 473-8565
Facsimile: (503) 427-9001

Brady Mertz, OSB #970814
email: brady@bradymertz.com
BRADY MERTZ, PC
2285 Liberty Street NE
Salem, OR 97301
Telephone : (503) 385-0121
Facsimile: (503) 375-2218

Robert A. Curtis, California Bar No. 203870
(Admitted pro hac vice)
email: RCurtis@foleybezek.com
FOLEY BEZEK BEHLE & CURTIS LLP
15 West Carrillo Street
Santa Barbara, California 93101
Telephone: (805) 962-9495
Facsimile: (805) 962-0722

Brooks F. Cooper, OSB #941772
email: brooks@draneaslaw.com
DRANEAS & HUGLIN PC
4949 Meadows Rd Ste 400
Lake Oswego OR 97035
Telephone: (971) 645-4433

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| JOHN MARTIN KEARNEY, an Oregon resident; ROBIN A. BECK, a Colorado resident; CARLY LaFOREST, a Michigan resident; SHANE ALLPORT, a Michigan resident; ALYSIA ROWE, a Michigan resident; RICHARD SCHEMPP, a California resident; and, JEFFREY PAUL GILPIN, JR., a Washington resident; each on behalf of themselves and all similarly situated persons,<br><br>        Plaintiffs,<br><br>    v.<br><br>EQUILON ENTERPRISES LLC, a Delaware corporation dba SHELL OIL PRODUCTS US,<br><br>        Defendant. | Case No.: 3:14-cv-00254-HZ<br><br>**ORDER GRANTING PRELIMINARY APPROVAL TO SETTLEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASSES AND APPROVING CLASS NOTICE PLAN** |

Page 1 - ORDER GRANTING PRELIMINARY APPROVAL TO SETTLEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASSES AND APPROVING CLASS NOTICE PLAN

**WHEREAS,** plaintiffs John Martin Kearney ("Kearney"), Carly LaForest ("LaForest"), Alysia Rowe ("Rowe"), Richard Schempp ("Schempp"), and Jeffrey Paul Gilpin, Jr. ("Gilpin") individually and in their representative capacities ("Plaintiffs" or "Class Representatives"), and Defendant Equilon Enterprises LLC dba Shell Oil Products US ("Shell Oil," and, collectively with Plaintiffs, the "Parties") have reached a proposed Settlement of the above-captioned Action, which is embodied in the Settlement Agreement filed with the Court; and

**WHEREAS,** the Parties have applied to the Court for preliminary approval of the proposed Settlement of the Action, the terms and conditions of which are set forth in the Settlement Agreement;

**NOW, THEREFORE,** the Court having read and considered the Settlement Agreement and accompanying exhibits and the Motion for Preliminary Settlement Approval, and the Parties to the Settlement Agreement having consented to the entry of this Order, **it is hereby ORDERED THAT**:

1. The capitalized terms used in this Order Granting Preliminary Approval of Proposed Settlement have the same meaning as defined in the Settlement Agreement.

2. Subject to further consideration by the Court at the time of the Final Approval Hearing, the Court determines that the Settlement falls within the range of possible final approval and merits submission to the Settlement Class Members for their consideration, and therefore preliminarily approves the Settlement as fair, reasonable and adequate to the Settlement Classes.

3. For settlement purposes only, the Court approves the filing of a Fourth Amended Complaint.

4. For settlement purposes only, the Court certifies the Settlement Classes, which are defined as follows:

    (a)    The California Class: All persons in the state of California who (a) between November 1, 2009 and the date that the Court enters the Order Granting Final Approval purchased ten or more gallons of fuel at a Shell-branded station that offered the "Ski Free®" promotion, and (b) in connection with such purchase, obtained from that Shell station that participated in the "Ski Free®" program a "Ski Free®" voucher. The class representative is Richard Schempp.

    (b)    The Michigan Class: All persons in the state of Michigan who (a) between November 1, 2009 and the date that the Court enters the Order Granting Final Approval purchased ten or more gallons of fuel at a Shell-branded station that offered the "Ski Free®" promotion, and (b) in connection with such purchase, obtained from that Shell station that participated in the "Ski Free®" program a "Ski Free®" voucher. The class representatives are Carly LaForest and Alysia Rowe.

    (c)    The Oregon Class: All persons in the state of Oregon who (a) between November 1, 2009 and the date that the Court enters the Order Granting Final Approval purchased ten or more gallons of fuel at a Shell-branded station that offered the "Ski Free®" promotion, and (b) in connection with such purchase, obtained from that Shell station that participated in the "Ski Free®" program a "Ski Free®" voucher. The class representative is John Martin Kearney.

    (d)    The Washington Class: All persons in the state of Washington (a) between November 1, 2009 and the date that the Court enters the Order Granting Final Approval purchased ten or more gallons of fuel at a Shell-branded station that offered the "Ski Free®" promotion, and (b) in connection with such purchase, obtained from that Shell station that participated in the "Ski Free®" program a "Ski Free®" voucher. The class representative is Jeffrey Gilpin, Jr.

5.    The Court preliminarily finds that: (a) the numerosity, typicality, commonality, and adequacy requirements of Rule 23(a) of the Federal Rules of Civil Procedure appear to be satisfied for the Class Representatives and the Settlement Classes; (b) in accordance with Federal Rule of Civil Procedure 23(b), common issues of fact and law appear to predominate; and (c) also in accordance with Rule 23(b), certification of the Settlement Classes is superior to any other available methods of adjudication. Therefore, the Court certifies the above Settlement Classes for the purposes of effectuating this Settlement.

6.    The Court appoints Robert A. Curtis of Foley Bezek Behle & Curtis, LLP; Rick Klingbeil of Rick Klingbeil, PC; Brady Mertz of Brady Mertz, PC and Brooks F. Cooper of Draneas & Huglin, PC, as Class Counsel. The Court preliminarily finds that the Class

Representatives and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class Members in accordance with Federal Rule of Civil Procedure 23.

7. A Final Approval Hearing shall be held before this Court at 2:00 p.m. on October 25, 2016 to address: (a) whether the proposed Settlement should be finally approved as fair, reasonable, and adequate so that the Final Approval Order and Judgment should be entered; (b) whether Class Counsel's Application for an Award of Attorneys' Fees and Expenses ("Fee and Expense Application") should be granted; and (c) whether the Class Representatives' Application for Incentive Awards ("Incentive Award Application") should be granted. Consideration of the Fee and Expense Application and Incentive Award Application shall be separate from consideration of whether the proposed Settlement should be approved, and the Court's rulings on each motion or application shall be embodied in a separate order.

8. The Class Representatives shall file their motions for attorneys' fees, incentive awards, and their motion for final settlement approval on or before September 26, 2016.

9. With the exception of such proceedings as are necessary to implement, effectuate, and grant final approval to the terms of the Settlement Agreement, all proceedings are stayed in this Action and all Settlement Class Members are enjoined from commencing or continuing any action or proceeding in any court or tribunal asserting any claims released under the Settlement Agreement, unless the Settlement Class Member timely files a valid Request for Exclusion as defined as the Settlement Agreement.

10. The Court appoints Kurtzman Carson Consultants LLC as the Settlement Administrator in this Action. In accordance with the Parties' Settlement Agreement and the Orders of this Court, the Settlement Administrator shall effectuate the provision of Notice to the Settlement Classes and shall administer the Settlement claims and distribution process.

11. The Court approves, as to form and content, the short-form Publication Notice,

Page 4   -   ORDER GRANTING PRELIMINARY APPROVAL TO SETTLEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASSES AND APPROVING CLASS NOTICE PLAN

the long-form Publication Notice, and the Internet Notice, substantially in the forms attached as Exhibits 1, 2 and 3 attached hereto.

      a.    Within sixty (60) days of the Court's entry of this Preliminary Approval Order, the Settlement Administrator shall cause the short-form Publication Notice to be published in the various publications identified in the Declaration of Gina Intrepido-Bowen filed in support of Plaintiffs Motion for Preliminary Approval. The short-form Publication Notice shall be substantially in the form attached hereto as Exhibit 1.

      b.    Within thirty (30) days of the Court's entry of this Preliminary Approval Order, the Settlement Administrator shall cause the long-form Publication Notice to be published on a website created and maintained by the Settlement Administrator. The long-form Publication Notice shall be substantially in the form attached hereto as Exhibit 2.

      c.    Within thirty (30) days of the Court's entry of this Preliminary Approval Order, the Settlement Administrator shall purchase twenty-five million unique internet banner notices ("Internet Notice"). The banner notices will include an embedded link to the case website. The Internet Notice shall be substantially in the form attached hereto as Exhibit 3.

      d.    Not later than sixty five (65) days following the entry of this Preliminary Approval Order, the Settlement Administrator shall file with the Court declarations attesting to compliance with this paragraph 11.

12.    The Court finds that the Parties' plan for providing Notice to the Settlement Classes as described in paragraphs 35-42 of the Settlement Agreement and as detailed in the Settlement Notice Plan attached to the Declaration of Gina Intrepido-Bowen: (a) constitutes the best notice practicable under the circumstances of this Action; (b) constitutes due and sufficient notice to the Settlement Classes of the pendency of the Action, certification of the Settlement Classes, the terms of the Settlement Agreement, and the Final Approval Hearing; and (c)

complies fully with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

13. The Court further finds that the Parties' plan for providing Notice to the Settlement Classes, as described in paragraphs 35-42 of the Settlement Agreement and as detailed in the Settlement Notice Plan attached to the Declaration of Gina Intrepido-Bowen, will adequately inform members of the Settlement Classes of their right to exclude themselves from the Settlement Classes so as not to be bound by the Settlement Agreement. Any member of the Settlement Classes who desires to be excluded from the Settlement Classes, and therefore not bound by the terms of the Settlement Agreement, must submit to the Settlement Administrator, pursuant to the instructions set forth in the Notice, a timely and valid written Request for Exclusion, submitted online or postmarked no later than October 6, 2016. To be valid, a Request for Exclusion must be timely and must include the Settlement Class Member's name, address, and telephone number. Not later than October 14, 2016, the Settlement Administrator shall prepare and deliver to Class Counsel, who shall file it with the Court, and Shell Oil's Counsel, a report stating the total number of persons that have submitted timely and valid Requests for Exclusion.

14. Any member of the Settlement Classes who elects to be excluded shall not be entitled to receive any of the benefits of the Settlement, shall not be bound by the release of any claims pursuant to the Settlement Agreement, and shall not be entitled to object to the Settlement or appear at the Final Approval Hearing.

15. Any Settlement Class Member who does not submit a valid and timely Request for Exclusion may object to the Settlement Agreement, Class Counsel's Fee and Expense Application or the Incentive Award Application. Any Settlement Class Member who wishes to object must file with the Court and serve on all counsel listed in paragraph 17 below, no later

Page 6  -  ORDER GRANTING PRELIMINARY APPROVAL TO SETTLEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASSES AND APPROVING CLASS NOTICE PLAN

...

than October 6, 2016, a detailed statement of the specific objections being made and the basis for those objections. In addition to the statement, the objecting Settlement Class Member must include the objecting Settlement Class Member's (i) name; (ii) address; (iii) the station location (specifically by address or by cross streets) where the Class Member participated in Ski Free®; (iv) affirm that the Class Member falls within a Settlement Class; and (v) affirm that the Class Member was deceived by Ski Free® advertising. Any objecting Settlement Class Member shall have the right to appear and be heard at the Final Approval Hearing, either personally or through an attorney retained at the Settlement Class Member's own expense. Any such Settlement Class Member who intends to appear at the Final Approval Hearing either in person or through counsel must file with the Court and serve on all counsel listed in paragraph 17 below, no later than October 14, 2016, a written notice of intention to appear. Failure to file a notice of intention to appear will result in the Court declining to hear the objecting Settlement Class Member or the Settlement Class Member's counsel at the Final Approval Hearing.

16.   Class Counsel may file a supplemental brief in support of final settlement approval that responds to any objections on October 18, 2016.

17.   Service of all papers on counsel for the Parties shall be made as follows: for Class Counsel, to: Robert A. Curtis, Esq. at Foley Bezek Behle & Curtis, LLP, 15 West Carrillo Street, Santa Barbara, California 93101; for Shell Oil's Counsel, to Abby Risner, Esq. at Greensfelder, Hemker & Gale, PC, 10 S Broadway #2000, St. Louis, MO 63102.

18.   Any Settlement Class Member who does not make an objection in the time and manner provided shall be deemed to have waived such objection and forever shall be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement, the payment of attorneys' fees and expenses and incentive awards, the Final Approval Order, and the Judgment.

Page 7 -  ORDER GRANTING PRELIMINARY APPROVAL TO SETTLEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASSES AND APPROVING CLASS NOTICE PLAN

Case 3:14-cv-00254-HZ    Document 123    Filed 06/06/16    Page 8 of 8

19.  In the event that the proposed Settlement is not approved by the Court, or in the event that the Settlement Agreement becomes null and void pursuant to its terms, this Order and all Orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Action or in any other case or controversy. In such event, the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

20.  The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class Members. The Final Approval Hearing may, from time to time and without further notice to the Settlement Class Members, be continued by order of the Court.

IT IS SO ORDERED:

Dated: this ___6___ day of June, 2016

*Marco Hernández*
MARCO A. HERNANDEZ
UNITED STATES DISTRICT JUDGE

Page 8  -  ORDER GRANTING PRELIMINARY APPROVAL TO SETTLEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASSES AND APPROVING CLASS NOTICE PLAN